## NO. 8607

## COURT OF APPEAL

## PARISH OF ORLEANS.

## STATE EX REL CONSTANTINE GIANNACOPOULOS ET ALS

### versus

## GEORGE J. CAJOLEAS.

337

Finkelstiel; ..

Plaintiffs alleging that they compose more than one-half of the members of the congregation of the Hellenic Orthodox Church of theCity of New Orleans, petitioned the Civil District Court for the Parish of Orleans, for the issuance of a writ of mandamus directed against George J. Cajoleas, defendant, President of said church, compelling him to call forthwith, a special meeting of its congregation or to show cause to the contrary, on a day to be fixed by the Court.

Amongst the reasons set out in plaintiffs' petition as to why they were entitled to the relief prayed for, are the following:

That the rules, regulations and by-laws of said corporation provide that special meetings of its members shall be called by the President, whenever requested so to do, by not less than one-third of its members. (Plaintiff's petition, Section 6.)

That in utter disregard of the rights of petitioners and others, being more than one-half of the members of the congregation, the defendant, President of said congregation, had failed and refused to call the special meeting as requested, and as it was mandatory and his duty to do, that petitioners were without relief by ordinary process of law, and it was necessary for a writ of mandamus to be issued compelling him so to do. (Sections 9 and 10 plaintiffs' petition).

The Judge aqua issued an order, in compliance with the prayer of plaintiffs' petition ordering the issuance of an alternative writ of mandamus and fixing a date for its return.

Defendant excepted to plaintiffs' petition on the ground that same set forth no legal cause of action, and also filed an answer to the merits in the event that the exception above noted was overruled.

338

The matter was disposed of by the Judge aqua on the exception of no cause of action, which was maintained by him, the relief prayed for by plaintiffs being denied, and from this decree an appeal was taken to this Court, that being the sole issue presented for adjudication.

In the written opinion of the Judge aqua in deciding the exception of no cause of action, he gave as his reason for sustaining the exception, that to compel the President to call special meetings prayed for by a majority of the congregation would force him to do a vain thing; for while it was true that under the charter of the corporation, one-third of the members thereof had the undoubted right to demand that a special meeting be called upon their written request to that effect, yet if this particular meeting was called, the thing, which according to the written request for said meeting they intended to discuss at that meeting and possibly act upon, were expressly delegated to its Board of Trustees, and therefore, under their own charter, having no legal right to do those things which they desired to do at this meeting, the calling of same would be a farce, unnecessary and serve no useful purpose and for those reasons, mainly, he he declined to issued the writ of mandamus prayed for and maintained the exception of no cause of action, denying plaintiffs the relief prayed for by them.

Be that as it may, we are of opinion that under Article 5 of the charter of this corporation, one-third of the members thereof have an undoubted right to demand that a special meeting of its members be called and it is mandatory upon its President, upon due proof that such meeting has been asked for by the required number of members, (one-third), to call same, it being no concern of his what purpose or what object the meeting was to be called.

9

It may be equally true, as stated by the learned Judge aqua, that the members attending this meeting, would have no power to do those things which they might propose to do, or might even go so far as to do them in spite of the charter provisions to the contrary, but conceding this to be a fact, it is our opinion that at this time, the Court has no concern with these matters, leaving to any one who might be aggrieved by what was done at this special meeting, their undoubted rights granted them by their charter, to seek redress at the hands of the proper tribunal.

The charter of the corporation having in Article 5 provided when and how an extraordinary (or special) meeting of the community should be called, and as far as we can find, there being no exceptions or limitations in said charter to the ~~contrary~~ contrary, we are of opinion that it was the plain duty of the President, as the head of this organization to have called this meeting when legally requested to do so by one-third of its members, and failing and declining so to do, the only remedy left to the relaters was to apply to the Court to compel him to perform his purely ministerial duty through a writ of mandamus, directed to him by the proper Court, which remedy the law provides is proper under circumstances of this nature.

"When the charter, by-laws, or general laws makes it the duty of officers to call a stockholders' meeting to elect directors or transact other corporation business and they wrongfully refuse to do so, mandamus will lie at the instance of the stockholders."

Fletcher Cyclopedia Corporations, Vol. 3. p. 2720.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and that the exception of no cause of

action filed by George J. Cajoleas, defendant and appellee herein, to plaintiffs' petition, be and same is hereby overruled.

It is further ordered, adjudged and decreed, that the alternative writ of mandamus issued herein, be made ~~absolute~~ *peremptory* and that the said George J. Cajoleas, President of the Hellenic Orthodox Church be and he is hereby ordered to call a special meeting of the community or th       as of the congregation forthwith as is/~~proxxed~~ *provided* for in Article 5 of the charter of said corporation, and the said George J. Cajoleas pay costs of both Courts.

                    —Judgment reversed and application
                    for mandamus granted—